Betty WESTMEYER, Plaintiff-Appellant,

v.

Howard EVENS and Mary Ellen Evens, his wife, Defendants-Respondents,

v.

Leonard J. WESTMEYER and Leona E. Westmeyer, his wife, Third Party Defendants-Appellants.

No. 42522.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

---

1. Now § 569.020 and § 564.011, RSMo 1978, respectively.

2. Now § 571.015, RSMo 1978.

Alice L. C. Kramer, Hillsboro, Mayhugh, Harris & Blackwell, Flat River, for plaintiff-appellant.

Charles Medley, Farmington, for defendants-respondents.

PUDLOWSKI, Judge.

This is an appeal from a suit to quiet title and for injunctive relief with respect to a roadway known as Best Road which is located in St. Francois County. Best Road is a north-south roadway which runs along the eastern border and within the boundaries of property belonging to the defendants Howard Evens and Mary Ellen Evens. The third-party defendants, Leonard Westmeyer and Leona Westmeyer own the property adjacent to and due east of the defendants' property. The plaintiff, Betty Westmeyer, owns the property adjacent to and due north of the defendants' and the third-party defendants' properties.

The plaintiff filed suit seeking injunctive relief alleging that the defendants had erected a fence which encroached upon the right-of-way of Best Road impeding the free flow of traffic. Furthermore, plaintiff alleged that the upper portion of the road leading to her property which is located on the defendant's property became a private or public roadway by virtue of prescriptive right in adverse possession. Defendant by way of counterclaim sought an injunction to prevent plaintiff's use of the upper portion of the road alleging that the plaintiff's maintenance and use of the roadway constituted trespassing. The third-party defendants sought injunctive relief alleging the defendants had erected a fence which encroached upon the right-of-way of Best Road. By way of cross-claim the defendants sought injunctive relief alleging that the third-party defendants had erected a fence which encroached upon the right-of-way of Best Road and thus, constituted trespass upon defendants' property.

The trial court found that the fence erected by the defendants did encroach upon the right-of-way of Best Road. With respect to the counterclaim and cross-claim, however, the trial court found for the defendants and against the plaintiff and third-party defendants.

We note primarily that our review of the trial court's action is controlled by Rule 73.01. A decree or judgment of the trial court will be sustained on appeal "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Having carefully examined the evidence, the transcript, the briefs and the applicable law, we hold that the decision of the trial court is supported by substantial evidence and is not against the weight of the evidence, and that the trial court did not erroneously declare or apply the law. Any further discussion of the points raised on appeal would have no precedential value. Rule 84.16.

Judgment is affirmed.

SMITH, P. J., and SATZ, J., concur.